UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) CHENGUANG GONG and<br>(2) YALAN TANG,<br><br>Defendants | Criminal No.   20cr10266<br><br>Violations:<br><br>Count One: Conspiracy<br>(18 U.S.C. § 371)<br><br>Counts Two – Twenty-Two: Introduction of Misbranded Drugs with Intent to Defraud and Mislead; Aiding and Abetting<br>(21 U.S.C. §§ 331(a) and 333(a)(2); 18 U.S.C. § 2)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1. Defendant Yalan TANG resided in Massachusetts.

2. Defendant Chenguang GONG resided in Massachusetts.

3. Ycells LLC ("Ycells") was a limited liability company organized under the laws of Massachusetts.

4. TANG and GONG operated and managed Ycells. According to its Certificate of Organization, Ycells was "a biotechnology company [providing] peptide and protein synthesize, and purification, cell line development service." Subsequent filings with the Massachusetts

1

Secretary of State identified the character of the business as "Bioinformatics Consulting" and "Wholesale." Through Ycells, TANG and GONG distributed drugs, including peptides and chemicals, to customers.

5. Among the products offered for sale by Ycells were:

   a. Clenbuterol, which is approved in foreign countries for treatment of asthma and is commonly (and illicitly) used by bodybuilders, but has not been approved by the FDA for human use.

   b. Anastrozole, Raloxifene, Tamoxifen, and Letrozole, which are active ingredients in FDA-approved prescription drugs for the treatment of conditions including breast cancer. These drugs decrease the amount of estrogen in the body and/or block the effect of estrogen, and are commonly (and illicitly) used by bodybuilders.

   c. Tadalafil and Sildenafil, which are the active ingredients in FDA-approved prescription drugs (commonly known by the brand names Cialis and Viagra) for the treatment of erectile dysfunction. Tadalafil and Sildenafil are commonly used by body builders to counteract the effects of steroid use.

   d. MK-2866 (Ostarine), YK-11, MK-677, GW501516, and LGD-4033, which are Selective Androgen Receptor Modulators ("SARMS"). SARMS are used by bodybuilders as alternatives to steroids. None of the above-mentioned SARMS has been approved by the FDA for human use.

6. Products distributed by Ycells were labeled "For Research Purposes Only" and "Not for Human Consumption." Ycells also required its customers to sign purchase agreements verifying that the products sold by Ycells would be used for research purposes only.

7. Despite these disclaimers, TANG and GONG knew and intended that the products sold by Ycells would be used by humans as drugs intended to affect the structure or function of the human body.

## The Federal Food, Drug, and Cosmetic Act

8. The Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq.*, regulated, among other things, the importation, manufacture, labeling, and distribution of drugs. The FDCA gave the United States Food and Drug Administration ("FDA") the authority to further regulate the importation, manufacture, labeling, and distribution of drugs to protect the health and safety of the American public.

9. Under the FDCA, the term "drug" was defined in relevant part as: (1) any article intended for use in the cure, mitigation, treatment, or prevention of disease in humans; or (2) any article other than food intended to affect the structure or any function of the human body. 21 U.S.C. § 321(g)(1)(B) and (C).

10. Some of the drugs regulated under the FDCA were "prescription drugs." "Prescription drugs" were those drugs which, because of their toxicity or other potential harmful effects, or the method of their use, or the collateral measures necessary to their use, were not safe for use except under the supervision of a practitioner licensed by law to administer such drugs, or

which were required by FDA to be administered under the professional supervision of a practitioner licensed by law to administer such drugs. 21 U.S.C. § 353(b)(1)(A) and (B).

11. The FDCA prohibited the introduction or delivery for introduction, or causing the introduction or delivery for introduction, into interstate commerce of any drug that was misbranded. 21 U.S.C. § 331(a).

12. A drug was misbranded if it was a "prescription drug" dispensed without the prescription of a practitioner licensed by law to administer "prescription drugs." 21 U.S.C. § 353(b)(1).

13. A drug was misbranded if its labeling did not bear adequate directions for its use. 21 U.S.C. § 352(f)(1). "Adequate directions for use" meant directions adequate for a layperson to use the drug safely and for the purpose for which it was intended. 21 C.F.R. § 201.5. Among other things, directions for use may be inadequate because of the omission of statements of all the uses for which the drug is intended, quantity of dose, frequency of administration, and route or method of administration.

14. A drug was misbranded if its labeling was false or misleading in any particular. 21 U.S.C. § 352(a).

<u>Object of the Conspiracy</u>

15. It was the object of the conspiracy to obtain money by unlawfully importing various drugs into the United States, and then distributing the drug to customers throughout the United States for human use.

Manner and Means of the Conspiracy

16.  Among the manner and means by which TANG, GONG, and coconspirators, known and unknown to the Grand Jury, carried out the conspiracy were the following:

   a. Purchasing drugs from suppliers in China and importing these drugs into the United States;

   b. Causing the mislabeling of these drugs before and during importation into the United States to avoid detection by the United States Customs and Border Protection ("CBP");

   c. Using multiple United States addresses and Post Office Boxes to receive drugs from China in order to avoid detection by CBP; and

   d. Selling drugs with knowingly false labelling that stated that the products were sold "For Research Purposes Only" and "Not for Human Consumption."

Acts in Furtherance of the Conspiracy

17.  Set forth below are examples of acts that GONG, TANG, and coconspirators took and caused to be taken in furtherance of the conspiracy:

   a. On or about February 25, 2017, GONG and TANG caused an email to be sent to a Chinese supplier of SARMS and other drugs listing false names and the addresses of UPS post office boxes rented by TANG. Subsequently, packages containing drugs were labelled with these false names and shipped to these UPS post office boxes.

   b. On or about August 30, 2018, GONG and TANG caused an email to be sent to John Doe #1, attaching a price list for products sold by Ycells, including drugs such as Anastrozole, Clenbuterol, MK-677, Sildenafil and Tamoxifen, all of which are drugs commonly used for body building or to counteract the effects of steroid use.

c. On or about August 30, 2018, GONG and TANG caused an email to be sent to John Doe #1, attaching a purchase agreement form asking for verification that products sold by Ycells would be used for research purposes only.

d. On or about September 14, 2018, GONG and TANG caused a package to be shipped containing Raloxifene, Tamoxifen, Sildenafil, Tadalafil, Clenbuterol, GW501516, and MK-2866/Ostarine from Massachusetts to a Post Office box in Virginia rented in the name of John Doe #1. The packaging did not contain labeling with directions for use for any of the drugs. The packaging included the false representations that the products were intended "For Research Use Only" and "Not for Human Consumption." The drugs were dispensed without the prescription of a licensed medical practitioner.

e. On or about October 26, 2018, GONG and TANG caused a packaged to be shipped containing Anastrozole, Tamoxifen, Letrozole, Clenbuterol, YK-11, MK-2866/Ostarine, MK-677, and LGD 4033 from Massachusetts to a Post Office box in Virginia rented in the name of John Doe #1. The packaging did not contain labeling with directions for use for any of the drugs. The packaging included the false representations that the products were intended "For Research Use Only" and "Not for Human Consumption." The drugs were dispensed without the prescription of a licensed medical practitioner.

f. On or about October 16, 2019, GONG and TANG caused a package to be shipped containing Clenbuterol, Tamoxifen, MK-2866/Ostarine, Anastrozole, Tadalafil and Sildenafil from Massachusetts to a Post Office box in Virginia rented in the name of John Doe #1. The packaging did not contain labeling with directions for use for any of the drugs. The packaging included the false representations that the products

were intended "For Research Use Only" and "Not for Human Consumption." The drugs were dispensed without the prescription of a licensed medical practitioner.

## COUNT ONE
## Conspiracy
## (18 U.S.C. § 371)

The Grand Jury charges:

18. The Grand Jury re-alleges and incorporates by reference paragraphs 1-17 of this Indictment.

19. From in or about at least February 2017, through on or about October 8, 2020, in the District of Massachusetts, and elsewhere, the defendants,

(1) CHENGUANG GONG and
(2) YALAN TANG,

knowingly and willfully conspired with others known and unknown to the Grand Jury to: (1) introduce misbranded drugs into interstate commerce with intent to defraud and mislead, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2); and (2) receive, conceal, buy, sell, and in any manner facilitate the transportation, concealment, and sale of misbranded drugs after importation, knowing the same to have been imported into the United States contrary to law, in violation of Title 18, United States Code, Section 545.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO – TWENTY-TWO
### Introduction of Misbranded Drugs with the Intent to Defraud and Mislead; Aiding and Abetting
### (21 U.S.C. §§ 331(a) and 333(a)(2); 18 U.S.C. § 2)

The Grand Jury further charges:

20. The Grand Jury re-alleges and incorporates by reference paragraphs 1-17 of this Indictment.

21. On or about the dates listed below, in the District of Massachusetts, and elsewhere, the defendants,

(1) CHENGUANG GONG and
(2) YALAN TANG,

with the intent to defraud and mislead, caused the introduction and delivery for introduction of the drugs listed below into interstate commerce, which, when introduced and delivered for introduction into interstate commerce, were misbranded within the meaning of: (1) Title 21, United States Code, Section 352(a), in that their labeling was false and misleading; (2) Title 21, United States Code, Section 352(f)(1), in that the labeling of these drugs failed to bear adequate directions for use; and (3) Title 21, United States Code, Section 353(b)(1), in that the drugs were prescription drugs dispensed without the prescription of a practitioner licensed to administer prescription drugs; each such instance being a separate Count:

| COUNT | APPROXIMATE DATE SHIPPED | DRUG(s) SHIPPED | SHIPPED TO: |
|---|---|---|---|
| Two | September 14, 2018 | Raloxifene | Winchester, VA |
| Three | September 14, 2018 | Tamoxifen | Winchester, VA |
| Four | September 14, 2018 | Sildenafil | Winchester, VA |
| Five | September 14, 2018 | Tadalafil | Winchester, VA |
| Six | September 14, 2018 | Clenbuterol | Winchester, VA |
| Seven | September 14, 2018 | GW501516 | Winchester, VA |
| Eight | September 14, 2018 | MK-2866/Ostarine | Winchester, VA |
| Nine | October 26, 2018 | Anastrozole | Winchester, VA |
| Ten | October 26, 2018 | Tamoxifen | Winchester, VA |
| Eleven | October 26, 2018 | Letrozole | Winchester, VA |
| Twelve | October 26, 2018 | Clenbuterol | Winchester, VA |
| Thirteen | October 26, 2018 | YK-11 | Winchester, VA |
| Fourteen | October 26, 2018 | MK-2866/Ostarine | Winchester, VA |
| Fifteen | October 26, 2018 | MK677 | Winchester, VA |
| Sixteen | October 26, 2018 | LGD 4033 | Winchester, VA |
| Seventeen | October 16, 2019 | Clenbuterol | Winchester, VA |
| Eighteen | October 16, 2019 | Tamoxifen | Winchester, VA |
| Nineteen | October 16, 2019 | MK-2866/Ostarine | Winchester, VA |
| Twenty | October 16, 2019 | Anastrozole | Winchester, VA |
| Twenty-One | October 16, 2019 | Tadalafil | Winchester, VA |
| Twenty-Two | October 16, 2019 | Sildenafil | Winchester, VA |

All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

22. Upon conviction of the offense in violation of Title 18, United States Code, Section 371, set forth in Count One of this Indictment, the defendants,

(1) CHENGUANG GONG and
(2) YALAN TANG,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

23. If any of the property described in Paragraph 22, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 22 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

*[signature]*
FOREPERSON

*[signature]*
CHRISTOPHER LOONEY
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: November 5, 2020
Returned into the District Court by the Grand Jurors and filed.

/s/ Dawn M. King 4:27pm
DEPUTY CLERK