UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 20-10266-RGS

UNITED STATES OF AMERICA

v.

CHENGUANG GONG,
YALAN TANG

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO SUPPRESS

December 10, 2024

STEARNS, D.J.

Defendants Chenguang Gong and Yalan Tang, have been indicted by a grand jury for causing unapproved, misbranded, illegally imported, and counterfeit drugs to be introduced into interstate commerce. The case was reassigned to this session in November of 2023.

With the transfer of the case, the court inherited five motions to suppress, one of which (a motion to suppress defendants' statements) was resolved after a hearing, while three others have been withdrawn or have been agreed by the parties to be moot. What remains is a motion to suppress evidence gleaned from two warranted seizures of the contents of an email account owned by the defendants alleged to have been used to further their illegal drug marketing enterprise. The warrants differ only in the time periods they cover, which collectively spans the months from January of 2014 through November of 2020. Pursuant to the warrants, some 30,000

pages of emails were seized. Defendants do not challenge the showing of probable cause that justified the initial issuance of the warrants. Rather, their challenge runs to the reasonableness of two aspects of the warrants' execution. First, defendants fault the significant number of months expended by government agents in reviewing and analyzing the contents of the emails. Second, they question potential flaws in the design of the filtering process agents used to identify the specific data and email contents listed in extensive detail by Magistrate Judge David Hennessy in his warrant authorization.

Defendants' complaints are not novelties in the world of computer age search warrants. Given the advent of virtually unlimited computer and iPhone storage capacity, searches of electronic devices present unique issues regarding data retention, and the modes of execution of the search of an electronic database. Considering the impracticalities of conducting a forensic examination of such data in a person's home or office, the creation of a mirror image of a suspect computer's hard drive has become a common practice and one that is expressly permitted by Fed. R. Crim. P. 41(e)(2)(B) (as amended in 2009). The Rule 41 fourteen-day window during which the warrant must be executed, however, "refers to the seizure or on-site copying of the media or the information and not to any later off-site copying or

2

review." *United States v. Ganias*, 755 F.3d 125, 135 n.10 (2d Cir. 2014), *aff'd on an independent ground*, 824 F.3d 199, 220-221 (2d Cir. 2016) (*en banc*); *United States v. Aboshady*, 951 F.3d 1, 6-7 (1st Cir. 2020) (while noting that a protracted delay in conducting a review might risk the dissipation of probable cause for a continued search, the First Circuit saw no reason to place bright-line limits on the time taken by the government to complete its analysis of seized material, even though, as in *Aboshady*, that might take years). Here defendants make no convincing argument that probable cause dissipated in the thirty-months or so that the government took to filter the emails to identify content subject to seizure. That being so, despite defendants' best efforts to distinguish *Aboshady*,[1] it is the controlling law in this Circuit.

To the extent that defendants are challenging the integrity of the filtering process employed by the executing agents in separating incriminating from innocent or irrelevant emails, the answer is

---

[1] Defendants' principal argument is that, unlike the *Aboshady* defendant, they are not simply challenging the alleged failure of government agents to abide by the terms of the warrant, "but the defendants here contend that the government's failure to reasonably execute the subject warrants runs afoul of the *Fourth Amendment*, not imply the search warrants." Defs.' Opp'n at 11 (Dkt # 59) (emphasis in original). If this is in fact a distinction, I frankly do not understand its legal significance.

3

straightforward. Despite efforts to the contrary of some very computer literate judges, at the end of the day the judiciary's task is to attend to matters of particularity and probable, cause—the manner of executing computer-based warrants of the kind issued in this case are generally beyond judicial competence.

By way of illustration, now retired Judge Alex Kozinski, in a concurring opinion, attempted to provide "guidance" to magistrates faced with the task of authorizing searches of massive quantities of electronically stored data in *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1178-1180 (9th Cir. 2010) (*en banc*). His clarion call, however, fell mostly on skeptical ears. *See United States v. Mann*, 592 F.3d 779, 785 (7th Cir. 2010) (finding Judge Kozinski's guidance "efficient but overbroad"); *United States v. Burgess*, 576 F.3d 1078, 1094 (10th Cir. 2009) (despite efforts to establish *ex ante* search protocols for computer drives to limit "overseizures," given the capacity of a computer to store and intermingle vast amounts of data, at bottom "there may be no practical substitute for actually looking in many (perhaps all) folders and sometimes at the documents contained within those folders"); *United States v. Stabile*, 633 F.3d 214, 239-240 & n.13 (3d Cir. 2011) (same); *United States v. Richards*, 659 F.3d 527, 539 (6th Cir. 2011)

4

(same).

The Massachusetts Supreme Judicial Court may have best expressed this court's thoughts on the matter. ("'Advance approval for the particular methods to be used in the forensic examination of the computers and disks is not necessary. . . . Indeed, the judge or officer issuing the warrant likely does not have the technical expertise to assess the propriety of a particular forensic analysis.'" *Preventive Med. Assocs., Inc. v. Commonwealth*, 465 Mass. 810, 830 (2013) (quoting *Commonwealth v. McDermott*, 448 Mass. 750, 766 (2007)).

The Supreme Court has said much the same thing, albeit in different context, addressing the alleged improper execution of a no-knock warrant and the unavailability of suppression as a remedy for any police excesses in executing the warrant. "This is not to say that the Fourth Amendment speaks not at all to the manner of executing a search warrant. The general touchstone of reasonableness . . . governs the method of execution of the warrant. Excessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment, even though the entry itself is lawful and the fruits of the search are not subject to suppression." *United*

5

*States v. Ramirez*, 523 U.S. 65, 71 (1998).[2] *Cf. Dalia v. United States*, 441 U.S. 238, 257 (1979) ("[I]t is generally left to the discretion of the executing officers to determine the details of how best to proceed with the performance of a search authorized by warrant – subject of course to the general Fourth Amendment protection 'against unreasonable searches and seizures.'").

ORDER

Because, as explained in the foregoing decision, the issues raised by defendants are either settled by existing law or are nonremediable by way of a motion to suppress, the court sees no need or purpose for an evidentiary

---

[2] The Supreme Court has repeatedly expressed its distaste for overly ambitious extensions of the exclusionary rule. *See, e.g., Hudson v. Michigan*, 547 U.S. 586, 599 (2006) (given that the social costs of applying the exclusionary rule to knock-and-announce violations so far outweigh any appreciable benefit in deterring warrantless entries, and because adequate civil remedies are available to redress any real harms, "[r]esort to the massive remedy of suppressing evidence of guilt is unjustified."). Anticipating and recognizing the Court's cautionary reluctance, lower courts have stressed a similar preference for civil remedies where appropriate. *See Hector v. Watt*, 235 F.3d 154, 157 (3d Cir. 2001) (claim of unnecessary destruction of property during the execution of a warrant); *Townes v. City of New York*, 176 F.3d 138, 148 (2d Cir. 1999) (same); *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1192-1193 (10th Cir. 2001) (alleged use of excessive physical force). *See also United States v. Pelletier*, 469 F.3d 194, 201 (1st Cir. 2006) (extending *Hudson* to knock-and-announce violations committed while serving an arrest warrant).

hearing. Consequently, the motion to suppress is <u>DENIED</u> based on the parties' submissions.

                                                       SO ORDERED.

                                         <u>/s/ Richard G. Stearns             </u>
                                         UNITED STATES DISTRICT JUDGE